**STATE OF WEST VIRGINIA**

**Raymond Richardson,**
**Petitioner Below, Petitioner**

**vs.) No. 19-0974** (Kanawha County 19-P-342)

**Donnie Ames, Superintendent,**
**Mt. Olive Correctional Complex,**
**Respondent Below, Respondent**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MEMORANDUM DECISION**

Petitioner Raymond Richardson, self-represented, appeals the Circuit Court of Kanawha County's October 3, 2019, order denying his petition seeking a writ of habeas corpus. Respondent Donnie Ames, Superintendent, Mt. Olive Correctional Complex, by counsel Holly M. Flannigan, Assistant Attorney General, filed a response. On appeal, the petitioner argues that the circuit court erred in failing to grant him habeas relief. Specifcially, the petitioner argues that the circuit court erred in failing to fully consider what he contends is newly discovered evidence relevant to the credibility of the victim's testimony proffered at trial.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The petitioner has a lengthy procedural history relating to his underlying convictions before both this Court and the circuit court. We have previously summarized the factual circumstances leading to the petitioner's conviction and sentence in his appeal challenging the sentence, as follows:

> During the early morning hours of August 24, 2013, the petitioner attacked the sixty-one-year-old victim in her home. The petitioner was in the victim's home for the purpose of selling her cocaine. Following an argument regarding the quality and price of the cocaine, the petitioner punched the victim in the face and stole $103 in cash from the victim. The petitioner was found guilty of the following three felony offenses after a jury trial: first degree

1

> robbery, assault during the commission of a felony, and possession
> with intent to deliver cocaine.

*State v. Richardson*, No. 17-0850, 2018 WL 1225535, at *1 (W. Va. Mar. 9, 2018)(memorandum decision) ("*Richardson II*") (internal note omitted). Upon his conviction, the petitioner was sentenced to "a term of one hundred years for robbery, an indeterminate term of two to ten years for assault during the commission of a felony, and an indeterminate term of one to fifteen years for possession with intent to deliver. The sentences were ordered to be served consecutively." *Id.* The petitioner appealed his conviction and sentence, and we affirmed the petitioner's conviction and sentence by memorandum decision on September 16, 2016. *State v. Richardson*, No. 14-0382, 2016 WL 5030312 (W. Va. Sept. 16, 2016)(memorandum decision) ("*Richardson I*").

The petitioner filed a petition seeking a writ of habeas corpus in October of 2017. The circuit court appointed counsel for the petitioner, and the petitioner's counsel filed an amended petition and, later, supplements to the petition. The circuit conducted an omnibus hearing in August of 2018 and the petitioner and his trial counsel testified. On October 23, 2018, the circuit court entered a sixty-one page order denying the petition seeking habeas corpus relief. On July 30, 2020, we affirmed the circuit court's order by memorandum decision. *Richardson v. Ames,* No. 18-0999, 2020 WL 4354920 (W. Va. Jul. 30, 2020)(memorandum decision) (*"Richardson III"*).

The petitioner filed a second petition seeking a writ of habeas corpus on August 23, 2019, that is presently on appeal before this Court. The circuit court concluded that all grounds raised in the petitioner's second petition were either fully adjudicated or waived through the initial habeas proceeding, and denied and summarily dismissed the petitioner's second petition for writ of habeas corpus.

> In reviewing challenges to the findings and conclusions of the circuit court
> in a habeas corpus action, we apply a three-prong standard of review. We review
> the final order and the ultimate disposition under an abuse of discretion standard;
> the underlying factual findings under a clearly erroneous standard; and questions
> of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The petitioner asserts five assignments of error on appeal; however, the petitioner's assignments of error can be succinctly characterized as relating to the circuit court's alleged failure to fully consider what he contends is newly discovered evidence relevant to the credibility of the victim's testimony proffered at trial. Regarding this "newly discovered evidence," the petitioner argues that the prosecution failed to disclose information relating to the victim's past criminal history and her use of various aliases, and that the failure to timely disclose this information resulted in his conviction.

The respondent asserts that the circuit court properly denied the petitioner's petition seeking a writ of habeas corpus because all issues raised in his petition were fully adjudicated or waived through his prior habeas proceeding and, therefore, are barred by the doctrine of res judicata.

As stated, this is the petitioner's second habeas proceeding. In the petitioner's initial habeas proceeding, he was represented by counsel, and an omnibus evidentiary hearing was conducted. During the omnibus hearing, counsel for the petitioner attacked the petitioner's conviction on several grounds, including challenges to the victim's credibility. The circuit court denied the petitioner's initial petition for habeas corpus relief in a detailed order, and this Court affirmed the circuit court's decision by memorandum decision in *Richardson III.*

This Court examined West Virginia's post-convction habeas corpus statute in our decision in *Losh v. McKenzie,* 166 W. Va. 762, 277 S.E.2d 606 (1981). Specifically, we concluded in Syllabus Point 4 of *Losh* that:

> A prior omnibus habeas corpus hearing is *res judicata* as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly[-]discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

The petitioner asserts that he is entitled to habeas corpus relief under his second petition on the basis of newly discovered evidence that was not known to him at the time of his trial or his omnibus hearing. The petitioner further asserts that this evidence relates to the victim's use of aliases and her past criminal history. However, upon review of the record on appeal and the parties' arguments, it is apparent that the petitioner has failed to establish the existence of any newly discovered evidence; the record reflects that the petitioner's trial counsel was provided with the "Criminal History and III" report for the victim, which includes her use of aliases and prior convictions, during pre-trial discovery. In fact, the petitioner has failed to establish that the prosecution withheld any evidence whatsoever. Therefore, we find that the circuit court did not err in denying the petitioner's second petition seeking habeas corpus relief.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Kanawha County and affirm the October 3, 2019, order denying the petitioner habeas corpus relief.

Affirmed.

**ISSUED:** November 4, 2020

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISQUALIFIED:**
Justice Margaret L. Workman